IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELONY SHOOK | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 11-203 |
| YELLOWPAGES.COM, LLC d/b/a | : | |
| AT&T ADVERTISING SOLUTIONS, INC. | : | |

**SURRICK, J.**                                                                                           **JULY 1, 2011**

## MEMORANDUM

Presently before the Court is Defendant's Motion to Transfer Venue to the Western District of Pennsylvania. (ECF No. 15.) For the following reasons, the Motion will be granted.

**I.    BACKGROUND**

Plaintiff Melony Shook is an African-American female who resides in West Mifflin, Pennsylvania, a suburb of Pittsburgh. Defendant Yellowpages.com is a Delaware corporation with an office in Pittsburgh and an office in Conshohocken, Pennsylvania, a suburb of Philadelphia.

Plaintiff has worked as an account executive in Defendant's Pittsburgh office since January 29, 2007. Plaintiff alleges that on numerous occasions Defendant has discriminated against her on account of her gender and race. Specifically, Plaintiff alleges that Defendant's agents unjustifiably removed her from a scheduled sales appointment, directed that she give up sales and sales appointments, deprived her of commissions, failed to promote her, and made derogatory comments about her gender and race. (Compl. ¶¶ 14-21, ECF No. 1.) Plaintiff identifies five employees who either discriminated against her or failed to investigate her

complaints of discrimination. These employees are Angela Alfonso, Michael Roloson, James Rossmiller, Pat Eastburn, and Bridget Ondeck. (*Id.*) Each of these employees worked in Defendant's Pittsburgh office during the time relevant to the incidents in question.[1] (Eastburn Decl. ¶¶ 4-5.)

On January 12, 2011, Plaintiff filed a Complaint against Defendant in the Eastern District of Pennsylvania alleging five counts of discrimination. Defendant responded with the instant Motion to Transfer Venue to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

## II.   LEGAL STANDARD

Section 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When a party brings a motion to transfer under § 1404(a), courts consider the following factors: "(1) Is the transferee district one where the suit might have been brought? (2) Does the balance of conveniences weigh in favor of transfer? (3) Do the public interests involved weigh in favor of transfer?" *Keating Fibre Int'l, Inc. v. Weyerhaeuser Co.*, 416 F. Supp. 2d 1048, 1051 (E.D. Pa. 2006) (citations omitted); *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (articulating private and public interests courts should consider); *Post v. Ferrari N. Am., Inc.*, No. 01-2165, 2001 U.S. Dist. LEXIS 24200, at *3 (E.D. Pa. Nov. 20, 2001). The movant bears the burden of establishing the need for the transfer. *Jumara*, 55 F.3d at 879.

---

[1] Roloson currently works for Defendant in its Philadelphia office. (Eastburn Decl. ¶ 4, Def.'s Mot. Ex. 1, ECF No. 15.)

## III. DISCUSSION

After review of the record, we agree with Defendant that Plaintiff's lawsuit has, at most, a tenuous connection with this District. The relevant private and public interests weigh in favor of transfer. Plaintiff lives in a suburb of Pittsburgh and works in Defendant's Pittsburgh office. All of the alleged acts of discrimination against Plaintiff occurred in the Western District.[2] The individuals identified in the Complaint who allegedly discriminated against her committed the discriminatory acts in Pittsburgh. Most of the potential witnesses and documentary evidence are located outside of this District.

Plaintiff does not dispute the factual averments made in Defendant's affidavit in support of transfer. Rather, Plaintiff argues that venue is proper here because (1) several of Defendant's decision-makers work in this District, (2) Plaintiff received a majority of her training in this District, and (3) Plaintiff performed various job functions in this District. (Pl.'s Resp. 5.) Plaintiff points out that Defendants upper-level executives who promulgate general workplace policy work in this District. Plaintiff does not explain how her training in this District has any connection to the alleged discrimination. Moreover, Plaintiff's bald assertion that she performed some work in this district is not helpful. Plaintiff does not explain the nature and extent of such contacts with this District and she does not relate those contacts in any way to her claims of discrimination. Of more significance is the fact that all of the incidents of discrimination that

---

[2] In her Complaint, Plaintiff cites seven other individuals who have been subject to Defendant's discriminatory practices. (Compl. ¶¶ 12, 22-27.) Plaintiff does not mention these individuals in her Response to Defendant's Motion to Transfer. (Pl.'s Resp., ECF No. 18.) Only one of these individuals, Barry Adams, is employed in this District. (Eastburn Decl. ¶ 6.) The other six employees work or worked in New York, Virginia, Washington, D.C., and North Carolina. (*Id.*)

Plaintiff had to endure took place in the Pittsburgh office in the Western District and all of the individuals who discriminated against Plaintiff worked in that office.

We recognize the fact that Plaintiff's choice of forum is a "paramount consideration" in our analysis, *see Shuttle v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), however, this factor is entitled to significantly less weight when the selected forum is neither Plaintiff's residence nor the site of the events giving rise to the action. *See Post*, 2001 U.S. Dist. LEXIS 24200, at *4-5; *Bolles v. K Mart Corp.*, No. 01-1118, 2001 U.S. Dist. LEXIS 9301, at *6 (E.D. Pa. July 6, 2001); *Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996). Finally, we note that Plaintiff's counsel is located in Philadelphia. However, the location of counsel's office is immaterial when deciding a motion to transfer venue under § 1404(a). *See Post*, 2001 U.S. Dist. LEXIS 24200, at *5; *Tranor*, 913 F. Supp. at 391 n.8.

Accordingly, for the convenience of the parties and witnesses, and in the interest of justice, we conclude that venue should be transferred to the Western District of Pennsylvania.

### IV.     CONCLUSION

For the foregoing reasons, we will grant Defendant's Motion to Transfer Venue.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**